Case 1:20-cv-06344-MKB-LB   Document 8   Filed 04/22/21   Page 1 of 8 PageID #: 30

Clerk's Office
Filed Date:

4/22/2021

U.S. DISTRICT
COURT
EASTERN DISTRICT
OF NEW YORK
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

GEORGE TAYLOR,

                     Plaintiff,

              v.

CITY OF NEW YORK, BILL DeBLASIO, and
NEW YORK CITY POLICE DEPARTMENT,

                     Defendants.

-----------------------------------------------------------------

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**
20-CV-6344 (MKB)

MARGO K. BRODIE, United States District Judge:

      Plaintiff George Taylor, proceeding *pro se*, commenced the above-captioned action on December 18, 2020, against Defendants the City of New York, Bill DeBlasio ("Mayor DeBlasio"), and the New York City Police Department (the "NYPD"), alleging that he was wrongly imprisoned, illegally searched, and abused in violation of his constitutional and civil rights. (Compl., Docket Entry No. 1.) Plaintiff's submission did not include the requisite filing fee of $402 or an *in forma pauperis* ("IFP") application to waive the filing fee. On December 30, 2020, the Clerk of Court sent Plaintiff a Notice of Deficient Filing (the "Notice"), along with a blank IFP application, and instructed Plaintiff that in order to proceed with this action, he must pay the filing fee or return the completed IFP application within fourteen days of receipt of the Notice. (Notice of Deficient Filing, Docket Entry No. 2.) Plaintiff did not respond to the Notice.

      By Order dated February 9, 2021, the Court extended by thirty days the time to pay the filing fee or seek waiver of the filing fee in light of Plaintiff's *pro se* status and the ongoing COVID-19 pandemic. (Order dated Feb. 9, 2021, Docket Entry No. 4.) The Court also notified Plaintiff that if he failed to comply with the Order within the time allowed, this action shall be

dismissed without prejudice. (*Id.*) On March 18, 2021, the Court dismissed the action without prejudice when Plaintiff failed to pay the filing fee or file an IFP application. (Order dated Mar. 18, 2021, Docket Entry No. 5.) On March 29, 2021, Plaintiff filed a motion to re-open this action and filed an IFP application, explaining that he filed his IFP application with the "court's police" on February 26, 2021.[1] (Pl.'s Mot. to Re-open, Docket Entry No. 6; Mot. for Leave to Proceed IFP, Docket Entry No. 7.)

The Court grants Plaintiff's motion to re-open this action, grants his application to proceed IFP, and, for the reasons set forth below, dismisses Plaintiff's Complaint with leave to file an amended complaint within thirty days from the entry date of this Memorandum and Order.

**I.   Background**

Plaintiff alleges that on September 20, 2019, "Defendant[s] falsely took [him] in[to] custody [at gunpoint,] dragged him to [the] precinct[,] and strip search[ed] [him] by taking [his] clothes off [and] pushing [a] flashlight in[to] [his] rectum to look for contraband[]." (Compl. 4.) Plaintiff alleges that he was held for more than twelve hours, released, and "never charged." (*Id.*)

Plaintiff also alleges that on or about September 25, 2019, Defendants "pulled [him] over" and stated that "if you move[,] I will 'blow your brain out.'" (*Id.* at 3.) Plaintiff's wife was "on [the] [cell]phone" and overheard the statements. (*Id.*) Plaintiff was taken to the precinct again and given "false summons with lies . . . about [how] [he] drove erratically." (*Id.*) He alleges that his vehicle was damaged by Defendants' "illegal search" and that he suffered mental

---

[1] The Clerk's Office was not open to the public on February 26, 2021, due to the COVID-19 pandemic and litigants who entered the courthouse at that time were directed to place documents for filing in a lockbox located by the Court Security Office.

and physical abuse. (*Id.* at 4.) He seeks $10 million in damages for the "violation [of] his constitutional[] and civil rights." (*Id.*)

## II. Discussion

### a. Standard of review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–105 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). Nevertheless, the court must screen "a complaint in a civil action in which a [plaintiff] seeks redress from a governmental entity or officer or employee of a governmental entity" and "dismiss the complaint or any portion of the complaint," if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A; *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Similarly, the court is required to dismiss *sua sponte* an IFP action if the court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Abbas*, 480 F.3d at 639.

### b. Section 1983 claims

The Court liberally construes this action as filed under 42 U.S.C. § 1983, which provides that individuals may bring a private cause of action against persons "acting under color of state law" to recover money damages for deprivations of their federal or constitutional rights. *Matusick v. Erie Cnty. Water Auth.*, 757 F.3d 31, 55 (2d Cir. 2014) (quoting 42 U.S.C. § 1983). To establish a viable section 1983 claim, a plaintiff must show "the violation of a right secured by the Constitution and laws of the United States" and that "the alleged deprivation was committed by a person acting under color of state law." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87–88 (2d Cir. 2015) (citations omitted); *see also Collymore v. City of New York*, 767 F. App'x 42, 45 (2d Cir. 2019) (quoting *Vega*, 801 F.3d at 87–88).

### i. Plaintiff cannot bring an action against the NYPD

The Court dismisses Plaintiff's claims against the NYPD because it is not a suable entity.

Section 396 of the New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law." N.Y.C. Charter, chap. 17 § 396. This provision "has been construed to mean that New York City departments, [such as the NYPD,] as distinct from the City itself, lack the capacity to be sued." *Matson*, 631 F.3d at 77 (quoting *Ximines v. George Wingate High Sch.*, 516 F.3d 156, 159–60 (2d Cir. 2008) (per curiam)); *see also Nnebe v. Daus*, 644 F.3d 147, 158 n.7 (2d Cir. 2011) ("It is well settled in this [c]ourt that, as a general matter, agencies of New York City are not suable entities in [section] 1983 actions." (citing *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007))).

Because the NYPD is an agency of the City of New York, it is not amenable to suit, and any action against it must instead be brought against the City of New York. *See Jenkins*, 478 F.3d at 93 n.19 (noting that the NYPD is not a suable entity); *Morris v. N.Y.C. Police Dep't*, 59 F. App'x 421, 422 (2d Cir. 2003) (affirming dismissal of claims asserted against the NYPD due to non-suable-entity status). Accordingly, the Court dismisses Plaintiff's claims against the NYPD.

### ii.   Plaintiff fails to state a claim against the City of New York

The Court dismisses Plaintiff's claims against the City of New York.

To establish a municipal liability claim, "a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Lucente v. County of Suffolk*, 980 F.3d 284, 297 (2d Cir. 2020) (quoting *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007)); *see also Frost v. New York City Police Dep't*, 980 F.3d 231, 258 (2d Cir. 2020) ("To establish liability under *Monell*, a plaintiff must show that he suffered the denial of a constitutional right that was caused by an official municipal policy or custom." (quoting *Bellamy v. City of New York*, 914 F.3d 727, 756 (2d Cir. 2019))). A plaintiff can establish an official policy or custom by showing any of the following: (1) a formal policy officially endorsed by the municipality; (2) actions or decisions made by municipal officials with decision-making authority; (3) a practice so persistent and widespread that it constitutes a custom of which policymakers must have been aware; or (4) a failure by policymakers to properly train or supervise their subordinates, such that the policymakers exercised "deliberate indifference" to the rights of the plaintiff and others encountering those subordinates. *See Iacovangelo v. Corr. Med. Care, Inc.*, 624 F. App'x 10, 13–14 (2d Cir. 2015) (formal policy officially endorsed by the municipality); *Matusick*, 757 F.3d

at 62 (widespread and persistent practice); *Carter v. Inc. Vill. of Ocean Beach*, 759 F.3d 159, 164 (2d Cir. 2014) (failure to train amounting to deliberate indifference); *O'Kane v. Plainedge Union Free Sch. Dist.*, 827 F. App'x 141, 143 (2d Cir. 2020) (failing to "take appropriate action to prevent or sanction violations of constitutional rights" amounting to deliberate indifference (quoting *Jones v. Town of East Haven*, 691 F.3d 72, 81 (2d Cir. 2012))); *Jones*, 691 F.3d at 81 (policymaking official's "express[]" or "tacit[]" ratification of low-level employee's actions).

Plaintiff fails to allege any facts to support an inference that an official policy or custom of the City of New York caused a violation of any federally protected right. Accordingly, the Court dismisses Plaintiff's claims against the City of New York for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B).

### iii. Plaintiff fails to state a claim against Mayor DeBlasio

The Court dismisses Plaintiff's claims against Mayor DeBlasio.

"[T]he 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under [section] 1983.'" *Victory v. Pataki*, 814 F.3d 47, 67 (2d Cir. 2016) (quoting *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006)), *as amended* (Feb. 24, 2016). A plaintiff must allege the direct or personal involvement of each of the named defendants in the alleged constitutional deprivation. *Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010); *Farrell*, 449 F.3d at 484 ("It is well settled in this [c]ircuit that personal involvement of [the] defendants in alleged constitutional deprivations is a prerequisite to an award of damages under [section] 1983." (quoting *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994))). As the Second Circuit recently made clear, "there is no special rule for supervisory liability," and to find a state official liable under section 1983, "a plaintiff must plead that each [g]overnment-official defendant, through the official's own individual actions, has violated the Constitution." *Tangreti*

6

*v. Bachmann*, 983 F.3d 609, 616 (2d Cir. 2020) (quoting *Iqbal*, 556 U.S. at 676). Being in the chain of command is not sufficient to satisfy personal involvement as the "violation must be established against the supervisory official *directly*." *Id.* at 618 (emphasis added).

Although Plaintiff names Mayor DeBlasio in the caption of the Complaint, there are no factual allegations concerning him in the body of the Complaint. (*See generally* Compl.) Plaintiff has not alleged the direct participation of Mayor DeBlasio in any of the wrongdoing alleged in the Complaint, nor any basis upon which to find him liable. (*Id.*); *see Taylor v. New York City*, No. 20-CV-5036, 2020 WL 4369602, at *3 (S.D.N.Y. July 30, 2020) (dismissing complaint against Mayor DeBlasio for lack of personal involvement).

Accordingly, the Court dismisses Plaintiff's claims against Mayor DeBlasio for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B).

    c. **Leave to Amend**

In light of Plaintiff's *pro se* status, the Court grants Plaintiff leave to file an amended complaint within thirty days of the date of this Memorandum and Order to allege facts that support his claims. Plaintiff must name as Defendants the individuals who were allegedly personally involved in the events giving rise to his claims and he must set forth a short and plain statement against each named individual (such as the date, location, and brief description of the relevant events attributed to that individual). If Plaintiff does not know the name of the individuals, he may identify each individual as John or Jane Doe, along with descriptive information and place of employment. If Plaintiff amends the Complaint within thirty days, the amended complaint will completely replace the original Complaint and it must contain all of the claims Plaintiff seeks to pursue. If Plaintiff elects to file an amended complaint, it must be

captioned "Amended Complaint" and include the same docket number as this Memorandum and Order.

### III. Conclusion

For the reasons set forth above, the Court re-opens this action, grants the application to proceed *in forma pauperis*, and dismisses the Complaint without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B). The Court grants Plaintiff leave to file an amended complaint within thirty days from the entry of this Memorandum and Order and stays all proceedings for thirty days or until Plaintiff files an amended complaint, whichever is earlier. If Plaintiff fails to file an amended complaint within the time allowed or show good cause why he cannot, the Court will direct the Clerk of Court to enter judgment dismissing the action for the reasons stated above.

Plaintiff may contact the Federal *Pro Se* Legal Assistance Project of the City Bar Justice Center at +1 212-382-4729 for limited-scope legal assistance.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Dated: April 22, 2021
      Brooklyn, New York

SO ORDERED:

      s/ MKB
MARGO K. BRODIE
United States District Judge

8